**Alexander SERNA, Petitioner–Appellant,**

v.

**John MARSHALL, Warden, CMC, Respondent–Appellee.**

**No. 08–16868.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 6, 2009.

Alexander Serna, San Luis Obispo, CA, pro se.

Peter H. Smith, Esquire, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Alexander Serna, a California state prisoner, appeals pro se the dismissal as untimely of his habeas corpus petition

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

brought under 28 U.S.C. § 2254. He contends that he is entitled to equitable tolling of the statute of limitations. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Equitable tolling is available if the petitioner shows " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance has stood in his way.' " *Harris v. Carter,* 515 F.3d 1051, 1054–55 (9th Cir.) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)), *cert. denied,* — U.S. —, 129 S.Ct. 397, 172 L.Ed.2d 323 (2008).

The district court concluded that, following statutory tolling for state court habeas petitions, the statute of limitations expired on May 27, 2006. Serna did not file his federal petition until November 20, 2007. In the federal petition, he stated that he spent three years attempting to obtain proof of his mental disability in support of claims regarding the intent element of his offenses. In his response to respondent's motion to dismiss, he stated that he obtained documents in March 2007 and soon thereafter filed a habeas petition in the California Supreme Court. He also explained that his disability made it difficult to comply with the statute of limitations.

As stated by the district court, Senator Feinstein's office sent Serna a copy of his Social Security records in June 2006. In addition, as argued by respondent, Serna was able to file multiple state court habeas petitions from 2003 through 2007. Under these circumstances, the district court did not err in concluding that Serna was not entitled to equitable tolling of the statute of limitations. *See Harris,* 515 F.3d at

1054–55; *Gaston v. Palmer,* 417 F.3d 1030, 1034–35 (9th Cir.2005).

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.